United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BRYAN CONTRERAS CLAROS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-01121 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

The Government detained Petitioner in December 2025. (D.E. 1, p. 1). He filed a petition for a writ of habeas corpus on June 18, 2026, challenging his detention. *See generally id.* On August 10, 2026, the Government filed a motion for summary judgment. (D.E. 9). On September 23, 2026, the Government notified the Court that it intended to remove Petitioner from the United States "five (5) days after the date of this notice." (D.E. 10, p. 1). It is unclear whether Petitioner's removal was effectuated.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (internal quotation marks and citations omitted). "[W]hen the controversy between parties 'has resolved to the point that they no longer qualify as adverse parties with sufficient legal interests to maintain the litigation, courts are without power to entertain the case." *Id.* (citation modified) (quoting *Sossaman v. Lone Star State of Tex.*, 560 F.3d 316, 324 (5th Cir. 2009)). A habeas petition is moot if a petitioner is no longer detained and "the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal

proceedings or its collateral consequences[.]'" *Etuk v. Bondi*, No. 3:24-CV-02640-B, 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (Rutherford, Mag. J.) (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 331–32 (5th Cir. 2014)), *adopted*, No. 3:24-CV-02640-B, 2025 WL 1908169 (N.D. Tex. July 10, 2025) (Boyle, J.).

Here, Petitioner challenges only his detention. *See* (D.E. 1). Thus, if Petitioner is no longer detained, his petition is moot. Accordingly, the Court **ORDERS** the Government to file a status report **on or before October 1, 2026,** addressing the status of Petitioner's removal proceedings, including whether he remains in custody.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 24th, 2026