United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BRYAN CONTRERAS CLAROS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-01121 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner's petition for a writ of habeas corpus. (D.E. 1). For the reasons below, the Court **DENIES as moot** Petitioner's habeas petition. (D.E. 1). The Court further **DENIES as moot** any remaining pending motions.

"A court lacks subject matter jurisdiction when a case becomes moot." *Stocker v. TDCJ Staff*, No. 2:23-CV-00248, 2025 WL 2425197, at *2 (S.D. Tex. July 24, 2025) (Ramos, J.) (citations omitted). A habeas petition is moot if a petitioner is no longer detained and "the petitioner's 'claimed grounds for relief go only to [his] detention . . . [but] not the underlying removal proceedings or its collateral consequences[.]'" *Etuk v. Bondi*, No. 3:24-CV-02640-B, 2025 WL 1908738, at *2 (N.D. Tex. Apr. 22, 2025) (Rutherford, Mag. J.) (quoting *Nieto Ramirez v. Holder*, 583 F. App'x 330, 331−32 (5th Cir. 2014)), *adopted*, No. 3:24-CV-02640-B, 2025 WL 1908169 (N.D. Tex. July 10, 2025) (Boyle, J.).

Petitioner filed a petition for a writ of habeas corpus on June 18, 2026, challenging only his detention. (D.E. 1). Petitioner was removed from the United States and no longer remains in custody as of October 22, 2026. (D.E. 14, p. 1). Because Petitioner is no longer detained and his "claimed grounds for relief go only to [his] detention," his habeas petition is moot. *See Etuk*, 2025 WL 1908738, at *2. Accordingly, the Court **DISMISSES** Petitioner's petition. (D.E. 1).

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
October 22nd, 2026